IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL BLUE,**

  **Plaintiff,**

**v.**            **CIVIL ACTION NO. 5:12cv121**
                **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

  **Defendant.**

## REPORT AND RECOMMENDATION

### I. Procedural History

  The *pro se* plaintiff initiated this case on August 6, 2012, by filing a complaint pursuant to the Federal Tort Claim Act. On August 7, 2012, the Clerk of Court issued a Notice of Deficient pleading. On October 25, 2012, the plaintiff filed his complaint on this court's approved form and also filed a Motion for Leave to Proceed *in forma pauperis* with supporting documentation. On October 26, 2012, the plaintiff was granted leave to proceed *in forma pauperis*. On November 13, 2013, the plaintiff paid his required initial partial filing fee. On November 15, 2012, the undersigned conducted a preliminary review of the plaintiff's complaint and determined that summary dismissal was not appropriate. Accordingly, an Order to Answer was entered. On December 28, 2012, the defendant filed a Motion to Dismiss with a supporting Declaration and exhibits. On January 28, 2013, a Roseboro Notice was issued. On February 22, 2013, the plaintiff filed his response in opposition to the defendant's motion. Accordingly, this case is before the undersigned for a report and recommendation on the defendant's Motion to Dismiss and the plaintiff's response.

### II. The Complaint

At all times relevant to this complaint, the plaintiff was a federal prisoner incarcerated at FCI Gilmer, which is located in Glenville, West Virginia. The plaintiff's complaint alleges that on May 21, 2010, correctional officers assigned to the "shack" or security checkpoint were engaged in personal conversation, failed to follow proper security requirements, and allowed an inmate carrying a shank through the check point. The plaintiff alleges that the officers' negligence resulted in him then being stabbed 10-14 times. For relief, the plaintiff seeks an unspecified amount of monetary damages.

### III. **Defendant's Motion to Dismiss**

In support of its Motion to Dismiss, the defendant argues that the plaintiff claim must be dismissed because he did not file his administrative claim with the BOP within the FTCA's two-year statute of limitations.

### IV. **Plaintiff's Response**

In response to the defendant's Motion to Dismiss, the plaintiff alleges that the defendant has not met its burden for dismissal or summary judgment because binding authority establishes that his administrative tort claim was filed within the statute of limitations.

### V. **Standard of Review**

A court may exercise subject matter jurisdiction over an action in tort against the United States **only** if the United States has waived its sovereign immunity. The FTCA represents a limited waiver of sovereign immunity. See 28 U.S.C. §§ 1346 and 2674-2680. "The FTCA, as a waiver of sovereign immunity, is strictly construed, and all ambiguities are resolved in favor of the Sovereign. " Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996).

Title 28 U.S.C. § 2401(b) contains the statute of limitations under the FTCA and states in relevant part: "[a] tort claim against the United States shall be forever barred unless it is presented in

2

writing to the appropriate Federal agency within two years after such claim accrues..." 28 U.S.C. § 2401(b). Compliance with the FTCA statute of limitations is jurisdictional. See Bohrer v. City Hospital, Inc., 691 F.Supp.2d 657, 662-63 (N.D.W.Va. 2010).

## VI.  ANALYSIS

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

As a prerequisite for filing a civil action against the United States, the FTCA requires a plaintiff to present an administrative claim. 28 U.S.C. § 2675. Moreover, as previously noted, a tort claim is forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. The FTCA statute of limitations begins to run upon the discovery of the injury. See Bohrer 681 F.Supp.2d at 666. With respect to a prisoner's claim, the regional office in the region where the claim occurred is the appropriate place to file a Bureau of Prisons administrative tort claim. See 28 C.F.R. §§ 540.30 and 543.31©. When an administrative tort claim is presented to a federal agency other than the one whose activities gave rise to the claim, the agency shall transfer the claim to the appropriate agency, if the proper agency can be identified. The claim is then considered presented under 28 U.S.C. § 2401(b) as of the date it is received by the appropriate federal agency. See 28 C.F.R. § 14.2 (b)(1); Johnson v. United States, 906 F.Supp. 1100, 1102-1103 (S.D. W.Va. 1995).

The plaintiff alleges that his injuries occurred on July 17, 2009 and July 18, 2009. Applying the authority of Bohrer, the two year statute of limitations under the FTCA began to run no later than July 18, 2009. Therefore, the plaintiff had until July 19, 2011, to file his administrative tort claim with the Mid-Atlantic Regional Office of the BOP. On July 25, 2011, the DOJ Civil Division received the plaintiff's administrative tort claim. On August 25, 2011, the BOP received the plaintiff's administrative tort claim per a transfer from the DOJ civil division. Because, the BOP did not receive the plaintiff's administrative tort claim until August 25, 2011, after the statute of limitations had expired, the plaintiff's tort claim has been forever barred.[1]

The undersigned recognizes that the plaintiff dated his administrative tort claim on July 15, 2011. Even if the plaintiff deposited the claim in the prison mail on July 15, 2011, he is still barred by the two year statute of limitations. The Fourth Circuit has yet to decide whether the mailbox rule applies to the presentment requirement of the FTCA. "However, 'virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it may apply to other federal common law claims.'" Boomer v. DeBoo, 2012 WL 112328 (N.D. W.Va.)(internal citations omitted).[2] Accordingly following the rationale of Judge Bailey in Boomer,

---

[1] Though some courts recognize a constructive filing of a federal administrative claim submitted to the wrong agency, this occurs only where the wrong agency receives the claim and has ample time to transfer it to the appropriate agency before the time limit expires, but fails to do so. See Johnson, 906 F.Supp. At 1107. Here, the constructive filing doctrine has no application because the limitation period had already expired by the time the DOJ Civil Division received the administrative claim on July 25, 2011.

[2] In addition to the Seventh, Eighth, Tenth and Third Circuits, as cited in the Boomer decision, the Ninth and Second circuits have also determined that the mailbox rule does not apply to a claim filed under the FTCA. See Vacek v. U.S. Postal Service, 447 F.3d 1248 (9th Cir. 2006) and Tapia-Ortiz v. U.S., 79 Fed.Appx. 465 (2nd Cir. 2003).

the undersigned finds that presentment requires that the appropriate agency actually receive the claim within the two year statute of limitations. Because that did not happen in this case, the plaintiff's claim is barred, and this Court lacks jurisdiction to entertain the same.

## VII. **RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the defendant's Motion to Dismiss (Doc. 22) be **GRANTED**, and the plaintiff's complaint be **DISMISSED WITH PREJUDICE**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

5

DATED: 3-6-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE