```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DANIEL BLUE,

       Plaintiff,

v.                                       Civil Action No. 5:12CV121
                                                                    (STAMP)

UNITED STATES OF AMERICA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**
**AND GRANTING MOTION TO DISMISS**

I.  <u>Procedural History</u>

On August 6, 2012, the plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, <u>et seq.</u>, alleging that he was stabbed 10-14 times by another inmate after his attacker was negligently allowed to pass through a security checkpoint carrying a shank. Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to David J. Joel, United States Magistrate Judge, for initial review and report and recommendation. Magistrate Judge Joel then granted the plaintiff leave to proceed in forma pauperis and directed the Clerk to issue a summons. The United States filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the plaintiff failed to properly present his allegations through the administrative tort claim process within two years of discovering the injuries alleged. A <u>Roseboro</u>[1] notice was issued and the

---

[1]<u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his

plaintiff filed a timely response to the United States' motion to dismiss.

Thereafter, Magistrate Judge Joel issued a report and recommendation recommending that this Court grant the United States' motion to dismiss on the grounds that the plaintiff's complaint is barred by the relevant statute of limitations under the FTCA. Magistrate Judge Joel also informed the parties that, if either party intended objected to his recommendations contained within the report, that party was required to file written objections within fourteen days of receiving the report and recommendation. The plaintiff filed timely objections.

## II.  Facts

In the complaint, the plaintiff alleges that on July 17 or 18, 2009,[2] while he was incarcerated at FCI Gilmer in Glenville, West Virginia, he was assaulted and stabbed 10-14 times by a fellow inmate. The plaintiff asserts that this assault was the result of negligence by prison staff, because correctional officers allowed the plaintiff's attacker to pass through a metal detector without checking his recreation bag, which allegedly contained the shank used to stab the plaintiff.

---

right to file material in response to a motion for summary judgment).

[2]This Court notes that Magistrate Judge Joel indicates in this report and recommendation that the plaintiff alleges that he was assaulted on May 21, 2010. However, after review of the record, it is clear that the plaintiff's complaint asserts that he was assaulted on either July 17 or July 18, 2009.

Following this alleged attack, on July 25, 2011, the Department of Justice ("DOJ") Civil Division received an administrative tort claim from the plaintiff dated July 15, 2011, which raised the allegations that the plaintiff raises in his complaint in this case. The DOJ then sent a letter to the plaintiff on August 16, 2011, informing him that the proper agency with which to file his complaint was the Federal Bureau of Prisons ("BOP"), and that filing the claim with the DOJ was erroneous. The DOJ also forwarded the plaintiff's claim to the BOP. The BOP received the plaintiff's claim on August 25, 2011, and by letter dated February 6, 2012, denied the claim because the plaintiff failed to file his claim with the proper agency within the two-year statute of limitations under the FTCA.

For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety, and will dismiss the plaintiff's complaint.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a *de novo* review.

### IV. Discussion

Through the FTCA, the United States waives its traditional sovereign immunity and "permits the United States to be held liable

in tort in the same respect as a private person would be liable under the law of the place where the act occurred." 28 U.S.C. § 1346(b)(1); Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). However, the scope of the waiver contained in the FTCA is defined entirely within the statute, and the United States cannot be sued unless it is clear that Congress has waived the government's sovereign immunity and authorized suit. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). Under the FTCA, in order to create jurisdiction in the federal courts to consider a tort claim against the United States, a plaintiff must first present an administrative claim to the proper federal agency within two years after the plaintiff discovers the injury alleged. 28 U.S.C. §§ 2401(b) & 2675; Bohrer v. City Hospital, Inc., 691 F. Supp. 2d 657, 662-63 (N.D. W. Va. 2010).

In order for a prisoner to properly comply with this statute of limitations requirement under the FTCA, the prisoner must file his administrative claim in writing with the BOP regional office in the region where the claim occurred within two years of learning of the injury alleged in the claim. 28 C.F.R. §§ 540.30 & 543.31(c). The United States here argues that the plaintiff failed to comply with this requirement. Accordingly, it asserts, this Court lacks subject matter jurisdiction over this civil action.

As noted above, the plaintiff claims that he was violently stabbed–and thus was clearly aware of his alleged injuries–on either July 17 or July 18, 2009. The plaintiff then filed an

administrative claim with the DOJ, the incorrect agency, dated July 15, 2011.  The DOJ received this claim on July 25, 2011, and subsequently forwarded it to the proper agency, the Mid-Atlantic division of the BOP, which received the claim on August 25, 2011.  Whenever a plaintiff submits an administrative claim to the incorrect federal agency, that agency transfers the claim to the appropriate agency whenever possible.  However, the claim is only considered filed pursuant to 28 U.S.C. § 2401(b) as of the date that it is received by the proper agency.  <u>Johnson v. United States</u>, 906 F. Supp. 1100, 1102-03 (S.D. W. Va. 1995).  Accordingly, as the magistrate judge notes, in order for the plaintiff's claim to have been timely, it would need to have been submitted to <u>the proper agency</u>, here, the BOP, on or before July 19, 2011.  This clearly did not occur.

The magistrate judge further found, and this Court agrees, that under certain circumstances courts have recognized a constructive filing date of when the incorrect federal agency receives the claim.  <u>See</u> <u>id.</u> at 1107.  However, any such constructive filing date has only been recognized when the improper agency received the claim within ample time to transfer it to the proper agency prior to the expiration of the statute of limitations and fails to do so.  <u>Id.</u>  As the DOJ did not receive the plaintiff's claim until after the expiration of the statute of limitations in this case, constructive filing does not apply.

The plaintiff's objections to the report and recommendation center largely on the magistrate judge's determination that the mailbox rule does not apply to FTCA claims, and the plaintiff's argument that under the mailbox rule, his administrative claim should be deemed timely because it was dated July 15, 2011. The magistrate judge acknowledged that the United States Court of Appeals for the Fourth Circuit has not ruled upon the mailbox rule's application to FTCA claims, but continued to find that the majority of courts addressing the issue, including other district courts within this district, have found by overwhelming majority that the mailbox rule does not apply to FTCA claims. See Boomer v. DeBoo, 2012 WL 112328 (N.D. W. Va. Jan. 12, 2012) ("'virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims.'") (quoting Vacek v. United States Postal Serv., 447 F.3d 1248, 1252 (9th Cir. 2006)); see also Drazen v. United States, 762 F.2d 56, 58 (7th Cir. 1985); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993); Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994); Lightfoot v. United States, 564 F.3d 625, 628 (3d Cir. 2009). This determination is largely based in the Supreme Court's continued emphasis on the fact that, when Congress waives sovereign immunity, that waiver must be strictly construed and only defined as the waiver is defined explicitly in the act itself. See Vacek, 447 F.3d at 1252. Accordingly, because the FTCA does not expressly

6

provide for the application of the mailbox rule, the act must be construed as expressly prohibiting its application.

In the plaintiff's objections, he argues that, based upon Houston v. Lack, 487 U.S. 266 (1988), the magistrate judge incorrectly concluded that the mailbox rule did not apply. The plaintiff asserts that, in Houston, the Supreme Court found that in prisoner cases, a filing is deemed "filed" at the moment that the prisoner places the document in the prison mail system. However, the plaintiff overlooks the fact that in Houston, the Supreme Court was considering the appeal of a federal habeas claim, and did not consider the application of the mailbox rule to FTCA. While this Court does not dispute the Supreme Court's findings as to the mailbox rule with regard to habeas claims and appeals, as noted above, the FTCA is a comprehensive statutory scheme that must be considered apart from all other tort actions, and its waiver of immunity must be strictly construed. Accordingly, the Court's rulings in Houston are not applicable to this case, and for the reasons stated above, this Court finds that the mailbox rule does not apply to FTCA claims. The plaintiff thus failed to timely file his administrative claim.

In the alternative, the plaintiff argues that the statute of limitations should be tolled with regard to his claims because he dated his administrative claim prior to the expiration of the statute of limitations, and because he has submitted his claims in good faith. In support of this argument, the plaintiff cites Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). In that case, the plaintiff argues, the Supreme Court found that the statute of limitations with regard to claims against the government is subject to equitable tolling. He asserts that this ruling necessarily implies that "strict compliance with the statute of limitations is not a jurisdictional prerequisite to suing the government." ECF No. 37 *5.

However, again, the plaintiff's argument must fail. In Irwin, the Court considered a suit under 42 U.S.C. § 2000e, which deals with employment discrimination claims by federal employees, and its determinations as to equitable tolling under that statute were based upon the language and context of that statute alone. The Irwin Court's findings thus do not translate to a consideration of the application of equitable tolling under the FTCA. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 137 (2008). In the context of the FTCA, the Fourth Circuit has determined that compliance with the FTCA statute of limitations is a jurisdictional prerequisite to suit. See Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000); and Hahn v. United States, 313 F. App'x 582 (4th Cir. 2008)(unpublished). Accordingly, when a plaintiff fails to adhere to the requirements of the statute of limitations under the FTCA, this Court is deprived of jurisdiction, and lacks the authority to consider the issue of equitable tolling. as the Supreme Court stated in John R. Sand & Gravel:

> Some statutes of limitations, however seek not so much to protect a defendant's case-specific interest in

> timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, . . . limiting the scope of a governmental waiver of sovereign immunity, . . . or promoting judicial efficiency . . . . The Court has often read the time limits of these statutes as more absolute . . . as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as "jurisdictional."

552 U.S. 130, 133-34.

As the Fourth Circuit has determined that the FTCA statute of limitations is jurisdictional in nature, this Court finds that the FTCA contains one of these more absolute time limitations, thus "forbidding" this Court to consider equitable tolling. Id.; and see Marley v. United States, 548 F.3d 1286, 1290 (9th Cir. 2008) (finding equitable tolling inapplicable to FTCA statute of limitations due to jurisdictional nature of the time limitation in the FTCA); Melton v. United States, Civ. Action No. 4:96CV00722 1997 U.S. Dist. LEXIS 15961 (M.D. N.C. Aug. 22, 1997). Accordingly, this Court lacks jurisdiction over this civil action and the plaintiff's complaint must be dismissed.

## V. Conclusion

For the reasons set forth above, this Court, after a de novo review, AFFIRMS AND ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to dismiss is GRANTED. The plaintiff's complaint is thus DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 3, 2013

/s/ Frederick P. Stamp, Jr.<br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE